Justice Stevens,
with whom
Justice Breyer joins, dissenting from the judgment.
Although Justice Breyer and I disagree on the proper answer to the question on which we granted certiorari — in my view, Justice Ginsburg’s opinion for the Court correctly decides that question, while Justice Breyer has joined Justice Scalia’s dissenting opinion — we agree on the proper disposition of this case. In our view, the Court should announce its opinion now, but it should postpone the entry of judgment pending our decision in Lawrence v. Florida, No. 05-8820, cert. granted, post, p. 1039. As Justice Ginsburg notes, the question whether the Court of Appeals correctly concluded that Day’s habeas corpus petition was barred by the statute of limitations will be answered by our decision in Lawrence. See ante, at 203-204, n. 2. It seems improvident to affirm a possibly erroneous Court of Appeals judgment that dismissed Day’s habeas petition without an evaluation of its merits when we have already granted certiorari to address the issue on which the Court of Appeals may have erred. Of course, the Court of Appeals may avoid a miscarriage of justice by keeping this ease on its docket until after we decide Lawrence, but it would be better prac *212 tice for us to do so ourselves. Accordingly, we respectfully dissent from the entry of the Court’s judgment at this time.